UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------x
In re:

1700 Church Avenue Corp.,                              Case No.: 09-44991-JBR

                                                                 Chapter 7

                                 Debtor.
-------------------------------------------------- x

## **DECISION AND ORDER**

       Pending before the Court is the Chapter 7 Trustee's Final Report (Docket #109) including requests for compensation of professionals. The principal shareholder of the Debtor filed an objection to the fees (Docket #118). Although the Court is sympathetic to the objections raised, the principal lacks standing, and even if all compensation were denied to the professionals in this case, those funds would not be available for return to the Debtor. Even without objections, this Court has an independent duty to review applications for fees and costs and determine the amount of reasonable compensation based on the nature, extent and value of the services performed. *See* 11 U.S.C. § 330(a)(3); FED. R. BANKR. P. 2016(a); E.D.N.Y. LBR 2016-1; *see also In re Andel Jewelry, LLC*, No. 05-22763-JBR, 2011 WL 1740615 (Bankr. E.D.N.Y. 2011). The Court held a hearing on the Applications and Objection on December 12, 2011, after which it took the matter under advisement.

       The Court finds no reason not to allow the Trustee the maximum commission pursuant to Section 326(a). Accordingly, the Trustee's Application for Compensation and expenses (Docket #113) is allowed in full.

       The remaining applications are allowed as follows.

       The fees of Joseph A. Broderick, P.C., Accountant to Trustee (Docket #114), are hereby allowed in the amount of $80,000 and expenses are allowed in the amount of $56.10 for a total final allowance of $80,056.10. The reduction of the fee request is based upon: (i) the disproportionate allocation of billed partner time instead of use (or billing) at junior or paraprofessional rates; (ii) not

one time entry on Mr. Broderick's time detail is for less than ".2 hours"; and (iii) the lack of time and billing per project (required by E.D.N.Y. LBR 2016-1)—with only chronological entries, the Court was unable to evaluate reasonableness of billing per project.

The fees of LaMonica Herbst & Maniscalco, LLP, counsel for the Trustee (Docket #115), are hereby allowed in the amount of $101,987.50 and expenses are allowed in the amount of $2,470.87 for a total final allowance of $104,458.37. The reduction of the fee request is based upon: (i) an inadequate explanation of the disproportionate allocation of billed partner time instead of use (or billing) at junior or paraprofessional rates; and (ii) the apparent excessive charges for preparation of the fee application.

SO ORDERED.



Dated: December 30, 2011  
Brooklyn, New York

Joel B. Rosenthal  
United States Bankruptcy Judge